UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DANNY TREY CROSSLAND**            **CASE NO. 6:25-CV-00164 SEC P**

**VERSUS**            **JUDGE JAMES D. CAIN, JR.**

**SHERIFF'S OFFICE VERNON PARISH, ET AL**            **MAGISTRATE JUDGE LEBLANC**

### MEMORANDUM ORDER

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Danny Terry Crossland ("Crossland"), who is proceeding pro se and *in forma pauperis* in this matter. Crossland is incarcerated at the BB Rayburn Correctional Center in Angie, Louisiana, but his claims arise out of an incident that occurred while he was incarcerated at the Vernon Parish Sheriff's Office in Leesville, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. Crossland must amend his complaint to address the deficiencies described below.

**I.   BACKGROUND**

According to plaintiff, in mid-February 2024, he was attacked at the Vernon Parish Sheriff's Office ("VPSO") by a fellow inmate, Phillip Aron Brister. Doc. 1-1, p. 2. Brister threw boiling water on him and hit him in the side of the head with a tablet. He sustained serious injuries and was treated at Our Lady of Lourdes Hospital for 1st degree burns to his face, 2nd degree burns to his forearm, stomach and thigh and 3rd degree burns to his chest, and at Byrd Hospital where he received stiches in his head from the tablet.

Plaintiff states that when he was booked into VPSO in June 2023, he told the staff he was disabled and handicapped due to a "neurological disease." *Id*. at p. 3. He argues that he should have been put into an ADA cell, as opposed to general population. Therefore, Plaintiff contends that the VPSO and Warden Conn are responsible for his injuries, and he names them as defendants.

## II. LAW & ANALYSIS

### A. Frivolity Review

Crossland has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. To hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was

committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Defendants

#### a. VPSO

In Louisiana, "a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action." *Francis v. Terrebonne Par. Sheriff's Office*, No. 08-4972, 2009 U.S. Dist. LEXIS 114805, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002)). The same is true of a city police department, which "is merely a department . . . and not a proper party defendant" in a § 1983 action. *Causey v. Parish of Tangipahoa*, 167 F. Supp. 2d 898, 909 (E.D. La. 2001) (citing *Norwood v. City of Hammond*, No. 99-879, 1999 U.S. Dist. LEXIS 15539, 1999 WL 777713, at *2 (E.D. La. Sep. 30, 1999)).

The State of Louisiana grants no such legal status to any law enforcement office or department. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236 (La. App. 3d Cir. 1977). Similarly, under federal law, Louisiana's sheriff's offices and city police departments are not considered to be "persons" for purposes of § 1983 liability. *Calhoun v. Sanderson*, No. 01-3765, 2003 U.S. Dist. LEXIS 4620, 2003 WL 1595088, *5 (E.D. La. Mar. 25, 2003). Because the Vernon Parish Sheriff's Office is not a person or suable entity to be held liable under § 1983, the claims against this defendant should be dismissed[1].

#### b. Warden Conn

---

[1] To the extent plaintiff names the VPSO as the <u>facility</u> in which he is being held, this attempt fares no better. Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether these entities have the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. A jail or correctional facility is not a juridical person and therefore, plaintiff's claims against it must be dismissed as frivolous.

Plaintiff also names Warden Brad Conn as a defendant in his supervisory capacities. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 113 S.Ct. 2443 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 115 S.Ct. 1957 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 104 S.Ct. 248 (1983).

In other words, to the extent that plaintiff seeks to name Warden Conn as a defendant, he must amend to allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant.

### D. Failure to Protect

The gravamen of plaintiff's complaint is that the facility and the Warden failed to protect him from the attack by his fellow inmate. It is well settled that the Eighth Amendment's proscription against cruel and unusual punishment requires prison officials to protect inmates from violent attacks by other inmates. *Farmer v. Brennan*, 114 S. Ct. 1970, 1976 (1994). However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety. *Id*. at 1977. In order for prison officials to be held liable under the Eighth Amendment for failure to protect, a prisoner must prove that the official knew of and disregarded an excessive risk to the inmate's safety; was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and also drew the inference; and failed to take reasonable remedial action. *Id*. at 1981-83. "An official's failure

to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as infliction of punishment." *Id*. at 1979.

"Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alton v. Tex. A & M Univ*., 168 F.3d 196, 201 (5th Cir. 1999). To reach the level of deliberate indifference, official conduct must be "wanton," which is defined to mean "reckless." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

To the extent that plaintiff is suing governmental officials in their individual capacities, he must allege specific conduct giving rise to a constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (*citing Anderson v. Pasadena Indep*. Sch. Dist., 184 F.3d 439, 443 (5th Cir. 1999)). This standard requires more than conclusory assertions. The plaintiff must allege specific facts giving rise to a constitutional violation. *Id*. (citing *Baker v. Putnal*, 75 F.3d 190, 194 (5th Cir. 1996)).

Plaintiff must amend to name defendants and allege facts indicating that the named defendants each had specific knowledge that he faced a substantial risk of harm by the inmate that attacked him. He should state facts which indicate that each defendant acted wantonly or recklessly and with deliberate indifference. By way of example: What was happening just prior to the attack? Did each defendant have prior knowledge of the attack? How long did the attack last? What prompted the attack to end?

Plaintiff's amendment should comply with Rule 8, below.

### E. Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the

existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

(1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3) the place and date(s) that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

### III. CONCLUSION

Crossland must amend his complaint to address the deficiencies described above and to dismiss the claims and/or parties that cannot be cured through amendment.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Crossland at his last address on file.

**IT IS ORDERED** that Crossland amend his complaint within **forty (40) days** of the filing of this order to cure the deficiencies as outlined above. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962). Plaintiff is further required to notify the court of

any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice,

THUS DONE AND SIGNED in chambers this 26th day of February, 2026.

_____
THOMAS P. LEBLANC
**UNITED STATES MAGISTRATE JUDGE**